IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MCI LLC, d/b/a Verizon Business, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Case No.   06-206-PMF |
| ) | |
| **JPK EXCAVATING, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiffs' motion for partial summary judgment (Doc. No. 31). The motion is opposed (Doc. No. 35). In this case, the Court exercises diversity jurisdiction over plaintiffs' claims of trespass, negligence, and statutory liability.

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts and reasonable inferences drawn from those facts are construed in favor of the defendant. Because plaintiff seeks a decision only on the issue of liability, the Court considers whether there is a genuine issue concerning any fact that might affect the liability aspect of this case.

Viewed under this standard, the material facts are summarized as follows. Over the years, various organizations and groups evaluated problems related to damage to underground utilities. Standards, practices, and guidelines have been proposed for drilling and excavating industries. In general, drillers and excavators have been urged to take reasonable precautions to avoid damaging underground utilities in and around work areas. Recommended steps include utilizing the state's

one-call notification system, verifying that underground utilities in the area have been marked, and reviewing the actual location of underground utilities on the site before work begins.

In 1991, the Illinois Underground Utility Facilities Damage Prevention Act took effect.  The statute requires excavators to contact a one-call notice system known as the Joint Utilities Location Information for Excavators (JULIE) at least 48 hours before excavation begins.  220 ILCS 50/1 - 50/14.  The Act also requires excavators to take reasonable action to inform themselves of the location of any underground utility facilities in the area and plan the excavation to avoid or minimize interference with underground facilities in or near the excavation area.  220 ILCS 50/4(a).  An excavator who fails to comply with these standards with resulting damages is guilty of prima facie negligence.  220 ILCS 50/9.  In August, 2000, an Excavators Manual was published.  The manual explains different types of location requests, notice times, the response process, and dig numbers.

In 1996, legal documents were recorded in St. Clair County, reflecting an agreement between WorldCom Network Services, Inc. (WorldCom) and certain property owners to alter an existing utility easement.  At some point, WorldCom installed a fiber-optic cable system to a location along the east side of property in the village of Freeburg, Illinois.  Permanent orange markers were placed at intervals along the route of the cable, advising of the cable's presence and directing excavators to call a toll free number before digging.  The toll-free number was part of the state's one-call notification system.  At some point, plaintiff MCI acquired the cable system installed by WorldCom.

In April, 2005, defendant JPK Excavating, Inc. was performing work for a developer at a site in Freeburg, Illinois, known as the first addition to Timberwolf Estates.  The developer provided defendant with plans, including a preliminary plat map showing a 20-foot wide utility easement to WorldCom running along the east side of Lot 77.  John Klopmeyer, a JPK employee, spoke with the developer regarding the location of the cable and shared information with Sam Shute, another JPK

employee.  Neither Klopmeyer nor Shute called JULIE or took other steps to mark or establish the location of underground utilities on or near Lot 77 within 48 hours before excavation began on that location.

On the afternoon of April 27, 2005, Mr. Shute used excavation equipment known as a track hoe to remove steel pipe from Lots 86 and 77.  Mr. Shute did not know WorldCom had installed a fiberoptic cable system in or near the area where he was working.[1]  He used the track hoe to lift sections of pipe from Lot 77.  As Mr. Shute approached the eastern edge of that lot, he lifted a section pipe from the ground that was connected to a manhole box containing a splice case and wires.  Mr. Shute thought the equipment was part of an abandoned utility system.  He was wrong.  The box, splice case, and wires were part of plaintiff's underground cable system.  When Mr. Shute used the track hoe to remove the equipment from the ground, he severed plaintiff MCI's cable.  Mr. Shute later observed a warning sign located approximately 25 feet from the spot where he was working.  The warning sign was partly concealed by trees.

Arthur Sheridan investigated the incident and prepared an investigative report.  A temporary restoration was made to restore traffic on the cable.

Plaintiff asserts three grounds for judgment on the issue of liability: trespass, negligence, and statutory violation. Because the Court is exercising diversity jurisdiction, the law of the forum state controls the analysis.  *See Wolverine Mut. Ins. v. Vance*, 325 F.3d 939, 942 (7th Cir.2003).  Before considering the arguments, the Court notes that plaintiff submitted new evidence with its reply brief.  Because defendant did not receive a fair opportunity to respond to this evidence, it is not considered.  SDIL LR  7.1(c).

---

[1] Portions of Shute's testimony conflict with other evidence.  For purposes of this motion, it is assumed that a jury would find Shute's testimony to be credible.

### I.     Trespass

Trespass to personal property is committed by intentionally (a) dispossessing another of property or (b) using or meddling with property in possession of another. *Sotelo v. DirectRevenue, LLC*, 384 F. Supp.2d 1219 (N.D. Ill. 2005). Restatement (Second) Of Torts, § 217.

Plaintiffs argue that defendant's act of severing MCI's cable is a trespass. Defendant responds that the facts could support a finding that it did not act with a substantial degree of certainty of intruding on MCI's cable. Viewing the evidence in favor of the defense, the Court agrees that the facts could support a finding that defendant did not know the location of MCI's buried cable and hence did not anticipate or realize that its excavation on Lots 86 and 77 would interfere with MCI's property. Plaintiffs are not entitled to judgment on their trespass claim.

### II.    Negligence

A negligence claim succeeds with proof of (1) a duty of care, (2) breach of the duty of care, (3) injury proximately resulting from the breach, and (4) damages. *Pelham v. Griesheimer*, 440 N.E.2d 96, 98 (Ill. 1982). As noted above, noncompliance with the provisions of the Underground Utility Facilities Damage Prevention Act is prima facie evidence of negligence.

Plaintiffs argue that the evidence proves all elements of their negligence claim. Defendant suggests that issues of breach and damage cannot be resolved unless a jury decides that JPK excavated within the easement. The Court is not persuaded that this fact is in dispute or that any such dispute is germane to plaintiffs' negligence claim.

On summary judgment, the Court considers facts established by the pleadings. Fed. R. Civ. P. 56 (c). In their Complaint, plaintiffs allege that "JPK was performing excavation work in the Easement to remove a steel pipe." (Doc. No. 1, para. 13.) The Federal Rules provide two ways to deny an allegation. The first is a simple denial; the second is to claim lack of knowledge or information sufficient to form a belief as to the truth of the allegation. Either response is deemed

a denial, while allegations that are not denied are deemed admitted. Fed. R. Civ. P. 8(b), 8(d). JPK attempted to craft a partial admission but did not deny that it was excavating in the easement or claim to lack knowledge of information sufficient to form a belief as to the truth of that allegation. (Doc. No. 12, para. 13.) The absence of a proper denial is an admission. Moreover, because JPK's duty to exercise reasonable care arose before it started to excavate, plaintiffs have proved breach of that duty and need not prove that JPK further breached its duty of care by encroaching on MCI's easement.

The facts, construed in defendants' favor, establish all of the elements of plaintiffs' negligence claim. No genuine issues of material fact remain for trial.

### III. Statutory Violation

Plaintiffs also seek judgment in their favor on their claim of a statutory violation. The defendant generally argues that plaintiffs have not satisfied their burden of proof. The Court disagrees. The evidence points to only one conclusion – that JPK excavated underground utilities without complying with the requirements of the Illinois Underground Utility Facilities Damage Prevention Act.

### IV. Conclusion

IT IS ORDERED that plaintiffs' motion for partial summary judgment (Doc. No. 31) is GRANTED in part and DENIED in part. Pursuant to Rule 56(d), the following issues are established prior to trial:

(1). Defendant is liable to plaintiffs for negligence under Count II

(2). Defendant is liable to plaintiffs for statutory violation under Count III.

SO ORDERED:  July 12, 2007 .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**